IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL BOROVAC, | | |
| Plaintiff, | | **8:15CV196** |
| vs. | | |
| NATIONAL RAILROAD PASSENGER CORPORATION, et.al; | | **ORDER** |
| Defendants. | | |

The plaintiff has filed a motion to amend, explaining that his proposed amended complaint would add Aon Hewitt, LLC as an additional party and add pertinent provisions, factual statements, and causes of action.  (Filing No. 32).

Defendant National Railroad Passenger Corporation ("Amtrak") objects to Plaintiff's motion to amend, stating Aon Hewitt is not a proper party to this action, and any claims against him would be futile and frivolous.  (Filing No. 33).  For the reasons stated below, Plaintiff's motion to amend his complaint will be granted.

BACKGROUND

Plaintiff filed a complaint against Aon Hewitt, LLC ("Aon Hewitt") and Amtrak on November 19, 2014, alleging violations of ERISA and COBRA.  (Case No. 814cv361LSCFG3).  However, due to case progression issues, the case was dismissed without prejudice on May 6, 2015.  On July 16, 2015, the plaintiff refiled the lawsuit.  In his Complaint, the plaintiff named Amtrak and Conexis as defendants.  (Filing No. 1).  On November 16, 2015, the deadline for moving to amend, Plaintiff filed an amended complaint without seeking leave of court.  (Filing No. 28).  The Court struck the amended complaint, but extended the deadline for Plaintiff to move to amend the complaint and add parties.  (Filing No. 31).  On December 15, 2015, Plaintiff timely filed the current motion.  (Filing No. 32).

## LEGAL ANALYSIS

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[A]bsent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted." Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003). But there is no absolute right to amend a pleading. Hammer v. City of Osage Beach, MO, 318 F.3d 832, 844 (8th Cir. 2003). The court will deny a motion for leave to amend as futile if the Plaintiff's proposed complaint fails to state a claim under the pleading standard described in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), thereby rendering the complaint subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Zutz v. Nelson, 601 F.3d 842, 850-51 (8th Cir. 2010).

A complaint must contain sufficient facts which, if accepted as true, state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). When assessing whether a plausible claim was alleged, the court considers only the materials that are "necessarily embraced by the pleadings and exhibits attached to the complaint." Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012). The plaintiff need not submit documentary evidence to withstand a Rule 12(b)(6) analysis. The court should not "incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of Iqbal and Twombly." Whitney, 700 F.3d at 1128-29. The question at this preliminary stage is not whether the plaintiff might be able to prove his claim, but whether the has "adequately asserted facts (as contrasted with naked legal conclusions) to support" those claims. Whitney, 700 F.3d at 1128-29.[1]

---

[1] Each party submits documentation of the parties' previous discussions regarding whether Aon Hewitt was a plan administrator or mere record keeper. For the determination of this motion, the court is not convinced that these documents are "embraced by the pleadings," as they were not attached to the complaint. See Mindlab

Plaintiff's proposed amended complaint alleges each defendant violated the COBRA notice provisions outlined in 29 U.S.C. § 1166. These provisions require the employer to notify the plan administrator of a qualifying event within 30 days of the event's occurrence. § 1166(a)(2). Thereafter, the plan administrator is required to notify any qualified beneficiary of his rights upon the occurrence of such event, including the possibility of continuing plan coverage. § 1166(a)(4).

In the proposed complaint, the plaintiff alleges he was not properly notified of his option to elect continued coverage under COBRA. (Filing No. 32-2 at CM/ECF p. 3). He alleges Amtrak, as his employer, failed to notify Aon Hewitt, the administrator, within the time required by § 1166 and that Aon Hewitt, in turn, failed to notify Conexis. (Id. at CM/ECF pp. 4, 5).

Amtrak's argues adding Aon Hewitt as a party would be futile because Aon Hewitt was not an administrator within the meaning of ERISA and COBRA. For the purposes of interpreting COBRA's notice provisions (29 U.S.C. § 1166), an administrator is defined as:

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
> (ii) if an administrator is not so designated, the plan sponsor; or
> (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

---

Media, LLC. v. LWRC Intern. LLC, 2012 WL 386695, 3 (C.D. Cal. 2012) (explaining the court may "consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201," but absent converting a Rule 12(b)(6) motion into summary judgment motion, "a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials)" when determining if a complaint states a claim); see also Porous Media Corp. v. Pall Corp., 186 F3d 1077, 1079 (8th Cir. 1999)(when considering a motion to dismiss, courts must ignore materials outside of the pleadings).

(B)  The term "plan sponsor" means (i) the employer in the case of an employee benefit plan established or maintained by a single employer, (ii) the employee organization in the case of a plan established or maintained by an employee organization, or (iii) in the case of a plan established or maintained by two or more employers or jointly by one or more employers and one or more employee organizations, the association, committee, joint board of trustees, or other similar group of representatives of the parties who establish or maintain the plan.

29 U.S.C. § 1002(16)(A).

The language of ERISA provides the means for identifying a plan administrator, (§29 U.S.C. § 1002(16)(A), and in some situations, the proper defendants may include the party who "controls administration of the plan."  Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998).  The court should examine a party's actions and its role in the plan to determine whether that party is, in fact, the plan administrator.  Genosky v. Metro. Life Ins. Co., 2012 WL 3029648 (D. Minn. April 27, 2012) (citing Ross v. Rail Car Am. Group Disability Income Plan, 285 F.3d 735, 743–44 (8th Cir. 2002)).

Neither party has provided the court with the plan instrument which may designate who the administrator is in this case.[2]  Nor is the court provided the context necessary to ascertain the parties' roles and actions so that an administrator may be identified.  Nevertheless, in Plaintiff's proposed amended complaint he states "Defendant Aon Hewitt was contracted by Defendant Amtrak as a plan administrator to contract health benefits with Conexis."  (Filing No. 32-2 ¶ 7 at CM/ECF p. 2) and "Aon Hewitt is and was at all times material an 'administrator' within the meaning of ERISA and COBRA."

---

[2] This court notes, even if the plan instrument did not name Aon Hewitt as the plan administrator, there is a circuit split on the existence of 'de facto administrators'—that is, whether a party different than the instrument's named administrator may be considered a plan administrator based upon actions alone.  And the Eighth Circuit has not weighed in on this issue  See Hall v. LHACO, Inc., 140 F.3d 1190, 1195 (8th Cir. 1998).

([Id. ¶ 42 at CM/ECF p. 5](#)).  Additionally, in Amtrak's answer, filed on August 6, 2015, it twice referred to Aon Hewitt as its administrator.  ([Filing No. 8 ¶¶ 17, 35](#)).[3]

Based on the allegations of record, the court cannot conclude that the additions within Plaintiff's complaint would be futile.  Reading Plaintiff's complaint as a whole, the court finds that the plaintiff has alleged sufficient facts to support a claim under § 1166 against Aon Hewitt.  Thus Plaintiff's motion for leave to file an amended complaint will be granted.

Accordingly,

IT IS ORDERED:

1)      Defendants' objection, ([Filing No. 33](#)), is denied.

2)      Plaintiff's motion to file an amended complaint, ([Filing No. 32](#)), is granted. Plaintiff's Amended Complaint shall be filed on or before February 26, 2016.

Dated this 19th day of February, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[3] Even if this court were to consider the additional documents filed with this motion and the defendant's objection, the court is not convinced that Aon Hewitt could not be a plan administrator in this case.